Murphy, J.
On March 16, 2002 this Court denied defendant General Motors Corporation’s (“GM”) motion to default the plaintiff for failure to answer interrogatories. The motion for default was denied because GM failed to comply with the procedural requirements of Mass.R.Civ.P. 33(a) as recently amended. GM’s motion for reconsideration is premised on the following factual scenario. GM filed its reapplication under Rule 33(a) to default the plaintiff on May 8, 2002 and *725 it was docketed the following day. GM contends that denial of its motion was improper because the amended Rule 33(a) did not become effective until May 11, 2002. Therefore, GM is entitled to the benefit of the Rules of Civil Procedure as they existed when it filed its default motion with the Court.
The Court agrees with the general principle that parties are entitled to the substantive and procedural rights afforded them at the time they apply for relief. The Court must examine Mass.R.Civ.P. 33(a) and its recent amendment to determine GM’s rights in this matter. Amendments to Mass.R.Civ.P. 5(d) and 33(a) were adopted on March 5, 2002 and given effective dates of May 1, 2002. 436 Mass. 1401 (2002). However, the amended rules were not imposed on all pending actions equally.
“[A]s to actions commenced prior to May 1, 2002, the amendments shall be applicable: (1) in instances where interrogatories are served on or after May 1, 2002 or (2) in instances where interrogatories were served prior to May 1, 2002 but no written application requesting final judgment for relief or dismissal (for failure to answer or object to interrogatories) has been served or filed prior to May 1, 2002.” Id.
This action began on December 18, 2000. The interrogatory in question, a standard interrogatory designed to identify the plaintiffs expert, was served prior to May 1, 2002. GM made its initial application for final judgment on January 30, 2002. Plaintiff requested additional time to answer the interrogatory and was given until April 2002 to file a response. With no response from the plaintiff, GM reapplied for final judgment on May 8, 2002. Since the interrogatory and the application for final judgment both pre-date May 1, 2002, Mass.R.Civ.P. 33(a) as amended does not apply to GM in this case, and the Court was in error in asserting that the amended rule had applicability to GM.
ORDER
For the foregoing reasons, the Court ORDERS that defendant, General Motors Corporation’s motion for reconsideration be ALLOWED.
The Court further ORDERS that the defendant, General Motors Corporation’s motion to default plaintiff for failure to answer interrogatories be ALLOWED.
The Court further ORDERS that a final judgment in this matter enter for defendant, General Motors Corporation.